Scileppi, J. (dissenting in part).
I agree that the defendant is entitled to a new trial solely on the ground that the statements taken in Nassau County after his return from California are inadmissible under People v. Donovan (13 N Y 2d 148).
I part company Avith the majority on the question of the admissibility of the statements obtained in California and on the airplane (to the officer and to the stewardess). In cases of this nature, a rule is extremely difficult to fashion and oven more troublesome to apply. The critical question is: at what point in time has the defendant been deprived of his right to counsel? Obviously, when counsel has been retained and seeks admittance to advise his client, to refuse consultation is a denial of the right to counsel (People v. Donovan, supra). However, as the factual situations deviate from such a clear case, to balance the interests of society and those of the accused becomes *234 a more arduous task. As a general rule, I believe that statements made by a defendant whose interrogators know that an attorney has been retained and that such attorney wishes no statements to be taken should be excluded. In the case at bar I would hold that the knowledge which the Nassau police obtained from Wallace’s call would not be effective to preclude the use of Gunner’s statements made to the California police, especially since Wallace hnew that Gunner was being held in California. In addition, since Spahr was en route to California when the attorney called and was not aware that the defendant had retained an attorney, I do not believe that the statements made to him in California and on the plane should be excluded. I note that the statement to Spahr on the plane was not the product of an incommunicado interrogation, rather it was occasioned by the fear of an imminent disaster and, like all the other statements, was voluntary. Thus, the mischief which People v. Donovan (supra) and Escobedo v. Illinois (378 U. S. 478) seek to prevent is not present. Therefore, I believe that the exclusionary rules should not operate. In short, I would place no affirmative duty on the Nassau County Police to inform the police in California (and their own agent en route to California) about Wallace’s call, particularly since counsel knew where the defendant was being detained:
The majority permits use of the statement to the stewardess but excludes evidence of a similar statement when given by the policeman. Under these circumstances, there is no justification for holding that a policeman may not testify to what he hears, but that a nonofficer may so testify. Either both statements are admissible or both should be excluded. Eor the reasons which I have set forth above, I believe that all the statements made outside Nassau County should be admitted at the new trial.
Neither constitutional requirements nor decisional law mandates any further expansion of the Donovan rule. Today, the majority holding erects an additional barrier to effective law enforcement at a time when it is most necessary to meet the challenge of increased criminal activity in our society. While in this case there are other statements which are admissible,, my concern is with the effect of the sweeping exclusionary rule which has been enunciated by the majority.
*235 Chief Judge Desmond and Judges Dye, Burke and Bergan concur with Judge Fold; Judge Van Voorhis concurs in result and considers that the new trial which is ordered should be conducted in the manner prescribed by the opinion of Judge Soileppi and the concurring opinion of Beldock, P. J., at the Appellate Division; Judge Soileppi dissents in part in a separate opinion.
Order affirmed.